Opinion issued April 2, 2015



In The

# Court of Appeals

For The

## First District of Texas

_____

### NO. 01-14-00604-CV

_____

**SHEA PALAVAN, Appellant**

**V.**

**BRIAN MCCULLEY, BOULEVARD REALTY LLC, AND TBW DEVELOPMENT, LLC, Appellees**

---

**On Appeal from County Civil Court at Law No. 3**
**Harris County, Texas**
**Trial Court Case No. 1047954**

---

### MEMORANDUM OPINION

Appellant, Shea Palavan, filed suit in justice of the peace court against appellees, Brian Mcculley, Boulevard Realty LLC, and TBW Development, LLC. On March 20, 2014, the parties signed an agreed judgment settling the claims. Thereafter, Palavan appealed the agreed judgment to county civil court at law

("county court"), alleging that he had been coerced into signing the judgment. As an alternative to the appeal, Palavan also filed a request for writ of certiorari in the county court. In turn, Appellees filed counterclaims against Palavan in the county court proceeding.

Appellees also filed a motion requesting the county court (1) to dismiss Palavan's appeal and (2) to deny his request for writ of certiorari. On June 30, 2014, the county court granted Appellees' motion, signing an order dismissing Palavan's appeal, denying his request for writ of certiorari, and affirming the agreed judgment.

Palavan appealed the county court's June 30, 2014 order ("the order") to this Court. In their brief, Appellees assert that this appeal should be dismissed because the order is not a final, appealable judgment; nor is it an appealable interlocutory order. Appellees point out that, although Palavan's appeal and request for writ of certiorari are disposed of, the counterclaims are still pending in the county court.

We agree with Appellees that we lack jurisdiction over this appeal because there is not yet a final, appealable judgment. When, as here, there has been no conventional trial on the merits, we do not presume that a judgment is final. *See Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 199–200 (Tex. 2001). An order or judgment is not final for purposes of appeal unless it actually disposes of every pending claim and party or unless it unequivocally states that it finally disposes of

all claims and all parties. *Id.* at 200. Here, Appellees' counterclaims have not been disposed of and remain pending. In addition, the order does not contain finality language, or any other "clear indication that the trial court intended the order to completely dispose of the entire case." *Am. Heritage Capital, LP v. Gonzalez*, 436 S.W.3d 865, 870 (Tex. App.—Dallas 2014, no pet.).

Palavan claims that the order is a final, appealable judgment. He asserts that Appellees' counterclaims were severed from the main action in the county court, thereby making the order a final, appealable judgment. *See Lehmann*, 39 S.W.3d at 195. To support his assertion, Palavan points out the word "CLOSED" has been stamped on the top of the June 30, 2014 order. However, there is no indication that the stamp was made by the county court, rather than by the county clerk, to indicate finality of the order or to indicate a severance of the counterclaims.

In addition, Palavan points out that the counterclaims have been docketed under a modified cause number. Palavan's appeal to the county court was assigned cause number 1047954. The suffix –002 has been added to this cause number with regard to the counterclaims. However, the record contains no order, signed by the trial court, severing the counterclaims. Without a severance order, the counterclaims remain pending in original-filed proceeding in the county court, irrespective of how the county clerk has chosen to docket and administer the counterclaims.

Because the June 30, 2014 order is not a final, appealable judgment, we lack jurisdiction over this appeal. Accordingly, the appeal is dismissed for lack of jurisdiction.

**PER CURIAM**

Panel consists of Justices Jennings, Higley, and Huddle.